```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

SST CONVEYOR COMPONENTS, INC., :
                                :   NO. 1:05-CV-00237
    Plaintiff,               :
                                :
                                :   **OPINION AND ORDER**
  v.                          :
                                :
                                :
REECE AUTOMATION & CONVEYORS    :
   LLC,                      :
                                :
    Defendant.

On August 16, 2004, Plaintiff SST Conveyor Components, Inc. ("SST") filed this instant suit against Defendants Reece Automation & Conveyors LLC ("Reece"), Brook-Anco Corporation ("Brook-Anco"), Dan Buckley ("Buckley"), Sybil Buckley ("Buckley"), and Dan Sage ("Sage") in the Hamilton County Court of Common Pleas, averring claims including an action on accounts for outstanding purchase orders, breach of contract, promissory estoppel, failure to pay for specially manufactured goods, unjust enrichment, fraudulent inducement, fraudulent transfer, and civil conspiracy (doc. 1). On April 6, 2005, Brook-Anco removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b), invoking this Court's federal question jurisdiction (doc. 1). On April 18, 2005, SST moved to remand this instant case (doc. 3). None of the Defendants have responded within prescribed time, rendering the motion ripe for decision.

    In seeking remand pursuant to 28 U.S.C. § 1447(c), SST

advances two specific grounds as jurisdiction: 1) All of the Defendants did not consent to removal, as required, and 2) Defendant's notice of removal was untimely. As to the first ground, Defendant is correct that, in cases involving more than one defendant, "[r]emoval of a case from state court generally requires the unanimous consent of all." In re National Century Financial Enterprises, Inc., Inv. Litigation, 323 F.Supp.2d 861, 872 (S.D. Ohio 2004)(Graham, C.J.); see also Loftis v. United Parcel Service, Inc., 342 F.3d 509, 516 (6th Cir. 2003). As all did not consent, removal was indeed improper.

Although somewhat superfluous, SST's second assertion is also correct. 28 U.S.C.A. § 1146(b) mandates that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days of receipt by the defendant" of the initial pleading rendering the case removable. It is well established that removal statutes must be strictly construed. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941); First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 462 (6th Cir. 2002). SST avers that it served Defendant with a summons on March 1, 2005, and Brook-Anco did not file its notice of removal until April 6, 2005 (doc. 3). Although SST did grant Brook-Anco a 28-day extension to respond to the Complaint, this stipulation did not and could not extend the time in which Brook-Anco could remove the action. See, e.g., Cook v. Travelers Co., 904 F Supp. 841, 842 (N.D. Ill. 1995);

<u>Godman v. Sears, Roebuck and Co</u>., 588 F.Supp. 121, 123 (E.D. Mich. 1984).  In light of these findings, Plaintiff's motion to remand the instant action to state court is well taken.

Accordingly, Plaintiff's Motion to Remand (doc. 3) is GRANTED.  The instant case is hereby REMANDED to the Hamilton County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.


Dated: August 22, 2005          <u>/s/ S. Arthur Spiegel          </u>
                                 S. Arthur Spiegel
                                 United States Senior District Judge